SEITOVITZ *v.* UNITED STATES FIRE INSURANCE CO. OF CITY OF NEW YORK.

INSURANCE—TRANSIT POLICY—CONSTRUCTION OF POLICY.

Goods stolen from a truck which was loaded on Friday and put back in assured's garage, where it was usually kept, until Monday, when the theft was ·discovered, were not covered by a "transit policy," insuring goods in transit against loss by fire, theft, and mysterious disappearance, where it expressly excluded property "located in or on the premises of the assured in any garage or other building where the truck is usually kept."

Error to St. Clair; Law (Eugene F.), J. Submitted October 8, 1926. (Docket No. 54.) Decided January 3, 1927.

Assumpsit by Nathan Seitovitz and another, doing business as the S. & S. Tobacco Company, against the United States Fire Insurance Company of the city of New York on a policy of insurance. Judgment for defendant. Plaintiffs bring error. Affirmed.

*James A. Muir,* for appellants.

*Phillips & Jenks,* for appellee.

SHARPE, C. J.    On July 20, 1924, defendant issued a "transit policy," insuring plaintiffs to an amount not exceeding $1,500 for one year from that date—

"On their liability, as movers, for lawful goods of their own or of others in their possession (either inside or outside all buildings), for which they may be liable, all while, and only while on or in their automobile truck.

| Ford | 7993474 | 1923 | Truck |
|------|---------|------|-------|
| (Make) | (Number) | (Year) | (Model) |

·Fire Insurance, 26 C. J. § 93.

while in transit between Pt. Huron and the Thumb district against the hazards herein mentioned and subject to all the terms and conditions of this policy, as well as of this rider."

The policy covered loss by fire, theft, and mysterious disappearance. It was made and accepted subject to the foregoing and also to certain stipulations and conditions printed on the back thereof, among which were the following:

"It is a consideration of this policy that liability shall begin from and immediately following the delivery thereof to the carrier at or on its automobile, and shall continue (while in transit) until the arrival of same at its destination, and when removed or any part thereof, this company's liability ceases on such portion removed, but in no event shall this policy remain in force for more than twelve months. This policy does not cover or attach, while the property insured hereunder is located in or on the premises of the assured in any garage or other building where the truck herein described is usually kept.   *   *   *

"This policy excludes the risk of theft on local delivery shipments."

The plaintiffs used the truck for some time in the manner contemplated. They loaded it with tobaccos, candies, and cigars from their store in Port Huron, and employed a man to drive it in the territory described in the policy and sell the merchandise it contained. When not in use, it was stored in a garage adjoining the store, which was rented by plaintiffs. The driver returned from a trip on September 20, 1924, and the truck was in the garage, unless used for some other purpose, until October 10th. On that day (Friday) it was taken out and loaded and put back in the garage, where it remained until the following Monday. On opening the garage that morning, it was discovered that a part of the merchandise which had been loaded thereon, of the value of $1,141.58,

had been stolen. Plaintiffs brought this action to recover for such loss. The case was tried before the court without a jury. He found the facts to be substantially as stated above, and concluded, as a matter of law, that the policy did not cover a loss due to theft while the truck was in plaintiffs' garage, and entered a judgment for defendant. This plaintiffs review on writ of error.

Plaintiffs' counsel concedes "that unless the goods are 'in transit' and liability begun, there can be no recovery." He insists that, under a fair interpretation of the language of the policy, liability attached when the goods were loaded on the truck for the purpose of making delivery.

A careful consideration of its provisions above quoted satisfies us that the trial court was right in finding no liability. The plaintiffs were insured against loss for goods in their possession (either inside or outside all buildings) while on their truck and "in transit between Pt. Huron and the Thumb district." That it was not intended to cover a loss by theft from the truck while in the garage is clear from the stipulation on the back of the policy, above quoted, the last sentence of which we again quote:

"This policy does not cover or attach, while the property insured hereunder is located in or on the premises of the assured in any garage or other building where the truck herein described is usually kept."

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.